Steven W. Ritcheson, Esq. (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
*switcheson@insightplc.com*

Isaac Rabicoff
(*Pro Hac Vice admission to be filed*)
RABICOFF LAW LLC
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
773-669-4590
isaac@rabilaw.com

**Attorney for Plaintiff**
**Hydro Net LLC**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HYDRO NET LLC,** | **Case No. _____** |
| **Plaintiff,** | |
| **v.** | **Jury Trial Demanded** |
| **SKYROAM, INC.,** | |
| **Defendant.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Hydro Net LLC ("Hydro Net"), through its attorneys, hereby files this Complaint for Patent Infringement against Defendant Skyroam, Inc. ("Skyroam"), and alleges the following:

**PARTIES**

1

1       1.      Plaintiff Hydro Net LLC is a corporation organized and existing under the laws of

2   Texas that maintains its principal place of business at 2108 Dallas Pkwy, Ste 214 - 1020, Plano,

3   TX 75093-4362.

4       2.      Defendant Skyroam, Inc.  is a corporation organized and existing under the laws of

5   California that maintains its principal place of business at 180 Sansome Street, Suite 200, San

6   Francisco CA 94104.

7

8

9                                       **JURISDICTION**

10      3.      This is an action for patent infringement arising under the patent laws of the United

11  States, Title 35 of the United States Code.

12      4.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and

13  1338(a).

14      5.      This Court has personal jurisdiction over Defendant because it has engaged in

15  systematic and continuous business activities in this District. As described below, Defendant has

16  committed acts of patent infringement giving rise to this action within this District.

17

18                                         **VENUE**

19      6.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has

20  committed acts of patent infringement in this District, and has an established place of business in

21  this District. In addition, Hydro Net has suffered harm in this district.

22                                     **PATENT-IN-SUIT**

23      7.      Hydro Net is the assignee of all right, title and interest in United States Patent No.

24  7,187,706 (hereinafter, the "'706 Patent" and/or "Patent-in-Suit"); including all rights to enforce

25  and prosecute actions for infringement and to collect damages for all relevant times against

26

27

28

infringers of the Patent-in-Suit. Accordingly, Hydro Net possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

**THE '706 PATENT**

8.      The '706 Patent is entitled "Handoff and source congestion avoidance spread-spectrum system and method," and issued 3/6/2007. The application leading to the '706 Patent was filed on 10/2/2001. A true and correct copy of the '706 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9.      The '706 Patent is valid and enforceable.

**COUNT 1:**

**INFRINGEMENT OF THE '706 PATENT**

10.     Hydro Net incorporates the above paragraphs herein by reference.

11.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '706 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Skyroam Solis Lite Products identified in the charts incorporated into this Count below (the "Exemplary Skyroam Products") that infringe at least the exemplary Claim 1 of the '706 Patent (hereinafter, the "Exemplary '706 Patent Claim") literally or by the doctrine of equivalents.  On information and belief, numerous other devices that infringe the claims of the '706 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '706 Patent Claim, by having its employees internally test and use these Exemplary Products.

13.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

14.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '706 Patent.  On information and belief, Defendant has also continued to sell the Exemplary Skyroam Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '706 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '706 Patent.

15.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '706 Patent, literally or by the doctrine of equivalents, by selling Exemplary Skyroam Products to their customers for use in end-user products in a manner that infringes one or more claims of the '706 Patent.

16.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '706 Patent, literally or by the doctrine of equivalents, by selling Exemplary Skyroam Products to their customers for use in end-user products in a manner that infringes one or more claims of the '706 Patent. Moreover, the Exemplary Skyroam Products are not a staple article of commerce suitable for substantial noninfringing use.

17.     Exhibit 2 includes charts comparing the Exemplary '706 Patent Claim to the Exemplary Skyroam Products.  As set forth in these charts, the Exemplary Skyroam Products practice the technology claimed by the '706 Patent.  Accordingly, the Exemplary Skyroam Products incorporated in these charts satisfy all elements of the Exemplary '706 Patent Claim.

18.     Hydro Net therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 2**.

19.     Hydro Net is entitled to recover damages adequate to compensate for Defendant's infringement.

1

**JURY DEMAND**

2        20.        Under Rule 38(b) of the Federal Rules of Civil Procedure, Hydro Net respectfully

3  requests a trial by jury on all issues so triable.

4

**PRAYER FOR RELIEF**

5  WHEREFORE, Hydro Net respectfully requests the following relief:

6        A.        A judgment that the '706 Patent is valid and enforceable;

7        B.        A judgment that Defendant has infringed, contributorily infringed, and/or induced

8                  infringement of one or more claims of the '706 Patent;

9

10       C.        An accounting of all damages not presented at trial;

11       D.        A judgment that awards Hydro Net all appropriate damages under 35 U.S.C. § 284

12                 for Defendant's past infringement, and any continuing or future infringement of the

13                 Patent-in-Suit, up until the date such judgment is entered, including pre- or post-

14                 judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and,

15                 if necessary, to adequately compensate Hydro Net for Defendant's infringement, an

16                 accounting:

17

18              i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and

19                     that Hydro Net be awarded its reasonable attorneys' fees against Defendant that

20                     it incurs in prosecuting this action;

21             ii.     that Hydro Net be awarded costs, and expenses that it incurs in prosecuting this

22                     action; and

23            iii.     that Hydro Net be awarded such further relief at law or in equity as the Court

24                     deems just and proper.

25

26

27  Dated: June 29, 2020                    Respectfully submitted,

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

s/*Steven Ritcheson*
Steven W. Ritcheson, Esq. (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
*swritcheson@insightplc.com*

Isaac Rabicoff
(*Pro Hac Vice admission to be filed*)
RABICOFF LAW LLC
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
773-669-4590
isaac@rabilaw.com


**Attorneys for Plaintiff**
**Hydro Net LLC**

Complaint with Jury Demand